IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK11-40936-TLS |
| SUZETTE WOODWARD, ) | |
| ) | CHAPTER 11 |
| Debtor(s). ) | |

### ORDER

This matter is before the court on cross-motions for summary judgment by Debtor (Fil. No. 208) and creditor Heritage Bank (Fil. No. 210). John C. Hahn represents Debtor, and Kent E. Rauert represents Heritage Bank. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Debtor's motion is denied. Heritage Bank's motion is granted in part. The plan is not confirmed.

Debtor and Heritage Bank disagree over the confirmability of Debtor's second amended plan of reorganization. Heritage Bank does not believe it can be confirmed because no class of impaired claims has accepted the plan as required by 11 U.S.C. § 1129(a)(10) and the plan violates the absolute priority rule of § 1129(b)(2)(B). Debtor believes that the plan, which provides for payment to unsecured creditors in accordance with § 1129(a)(15), is not subject to the absolute priority rule and should be confirmed. Each side has moved for summary judgment or partial summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The following facts are uncontroverted:

1. Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on April 4, 2011.

2. Heritage Bank is an unsecured creditor of Debtor having filed proofs of claim (Claims No. 4 and No. 5) on August 18, 2011, totaling $270,566.00.

3. Debtor's obligation to Heritage Bank came about as a result of several loans made by Heritage Bank to Debtor, her former spouse, and Woodward Construction & Custom Renovations.

4. On August 15, 2012, Debtor filed a motion to convert her Chapter 7 proceeding to one under Chapter 11. Said motion was granted by the court on September 10, 2012, and the case was converted to Chapter 11.

5. Prior to and throughout the duration of Debtor's bankruptcy, she has been employed as a pathologist. Debtor has been both an employee and owner/member of Pathology Specialists, LLC located in Grand Island, Nebraska, throughout the duration of her bankruptcy.

6. Debtor filed a second amended Chapter 11 plan (Fil. No. 194) on June 19, 2013. Heritage Bank objected to confirmation of said plan by filing an objection to confirmation (Fil. No. 198) on July 16, 2013.

7. The plan proposes to pay Heritage Bank $519.00 per month out of Debtor's projected disposable monthly income of $1,000.00 for a period of five years.

8. Debtor resides at 2604 Arrowhead Road in Grand Island, Nebraska. She acquired the property from Leland and Marie Elliott on May 15, 2012. The Elliotts are secured by a deed of trust on the property.

9. Under the terms of the proposed plan, a balloon payment due to the Elliotts was extended by one year to June 1, 2014.

Debtor admits the existence of factual and legal questions in connection with whether $1,000.00 is an adequate calculation of her disposable income. However, she requests partial summary judgment on the issues of whether the absolute priority rule applies and whether one of the classes that voted for the plan is properly considered an impaired class. Because the issue of impairment is dispositive, rendering the cram-down provisions of § 1129(b), including the absolute priority rule, inapplicable, the court need not address the parties' arguments about absolute priority at this juncture.

Debtor asserts that the Elliotts are impaired creditors because the plan proposes to delay the payment of the balloon payment owed to them. They have voted to accept the plan. Section 1129(a)(10) (confirmation of a plan that impairs a class of claims may occur only if at least one class of claims that is impaired has accepted the plan). This section is intended to "provide some indicia of support by affected creditors and prevent confirmation where such support is lacking." *Windsor on the River Assocs., Ltd v. Balcor Real Estate Fin., Inc. (In re Windsor on the River Assocs., Ltd.)*, 7 F.3d 127, 131 (8th Cir. 1993) (quoting *In re Lettick Typografic, Inc.*, 103 B.R. 32, 38 (Bankr. D. Conn. 1989)).

The Elliotts' debt is listed on Debtors' amended Schedule D. They have not filed a proof of claim in the case. Nothing requires a scheduled creditor to file a proof of claim in order to participate in the plan distributions, but the Code does limit voting to accept or reject the plan to holders of claims or interests "allowed under section 502," which requires that a proof of claim be filed. Section 1126(a); *Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 731 (4th Cir. 2006); *In re Trans Max Tech., Inc.*, 349 B.R. 80, 85 (Bankr. D. Nev. 2006).

The Elliotts' purported acceptance of the plan does not meet the necessary statutory requirements. The plan has not been accepted by an impaired class as required by § 1129(a)(10). Therefore, Heritage Bank's motion for summary judgment is granted as to this matter.

IT IS ORDERED: Debtor's motion for partial summary judgment (Fil. No. 208) is denied. Heritage Bank's motion for summary judgment (Fil. No. 210) is granted as to the issue of acceptance by an impaired class. The plan in its present version is not confirmable. Debtor may file a third amended plan by November 15, 2013. If an objection is filed, the matter will be set for trial on live testimony.

DATED: October 31, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John C. Hahn
    *Kent E. Rauert
    John A. Wolf
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.